FREYRE, DEMANDANTE Y APELANTE, v. CABASSA ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en un caso sobre cobro de pagarés.

No. 1141.—Resuelto en junio 27, 1914.

PRUÉBA CONTRADICTORIA—PREPONDERANCIA DE LA PRUEBA—APRECIACIÓN DEL TRI-
BUNAL SENTENCIADOR.—Cuando la prueba es contradictoria la apreciación de
la preponderancia de la misma hecha por el tribunal sentenciador no será
revocada en apelación, a menos que existan razones especiales para ello.

ID.—PAGARÉS—IMPUGNACIÓN DE LA AUTENTICIDAD DE LA FIRMA—TRANSCRIPCIÓN
DE AUTOS—DOCUMENTOS ORIGINALES.—Cuando la prueba es contradictoria
acerca de la autenticidad de las firmas de varios pagarés, la apreciación hecha
por el tribunal sentenciador teniendo en cuenta el cotejo de las firmas impug-
nadas con otros documentos originales con las firmas genuinas de la parte,
no puede ser examinada por este tribunal cuando no se traen en la transcrip-
ción de autos los documentos originales que sirvieron de base para el cotejo,
no siendo bastante el insertar dichos documentos en la exposición del caso
escritos en maquinilla.

ALEGATO DEL APELADO—DEBER DEL ABOGADO.—Es una mala práctica por parte del
abogado del apelado el no presentar alegato y comparecer únicamente en el
acto de la vista a informar verbalmente.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Pascasio Fajardo* y *E. Ra-
mírez Nadal.*

Abogado de Rosaura Cabassa: *Sr. Francisco Parra Capó.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Este es un pleito contra Rosaura Cabassa, asistida de su
esposo Alfredo Bravo González.   En la demanda se alegó
que Rosaura Cabassa, en unión de su esposo, firmó solidaria
y mancomunadamente cuatro pagarés ascendentes a la suma
de mil dólares.   Estos cuatro pagarés separados han sido
debidamente descritos en la demanda y copia de los mismos
unida a ella.   La demandada Rosaura Cabassa, al contestar
la demanda, negó haber firmado ninguno de dichos pagarés.
En párrafos distintos negó la firma de cada uno de los mismos.

El 26 de febrero de 1914 la corte de distrito dictó sen
tencia contra el demandante por el fundamento de que nin-

guna de las firmas de la demandada que aparecían en las obligaciones mencionadas en la demanda había sido puesta por ella, la demandada Rosaura Cabassa.

El apelante pide la revocación de esta sentencia por el fundamento de que la preponderancia de la prueba era muy fuerte a favor del demandante. Sostiene él que no sólo el apelante juró la certeza de las firmas de la demandada sino que también el notario ante quien se otorgaron los documentos declaró que los *affidavits* unidos a dichos documentos fueron firmados por Alfredo Bravo y Rosaura Cabassa ante el notario. En cambio la demandada ha negado en absoluto su firma. Se presentaron peritos por ambas partes y surgió un verdadero conflicto en la prueba. Creemos que deberíamos confirmar la sentencia solamente por el fundamento del conflicto de la prueba, pero además existe una razón especial para que confirmemos la sentencia en este caso.

El abogado de los apelados no presentó alegato, pero en el acto de la vista llamó la atención del tribunal hacia el hecho de que el juez sentenciador, al dictar sentencia por el fundamento de que las firmas de los documentos eran falsas, llegó a esa conclusión en parte, por el cotejo de las firmas de los documentos en litigio con otros documentos admitidos como genuinos, y que las copias escritas en maquinilla de tales documentos que aparecen en la exposición del caso, no demuestran por tanto las firmas como se escribieron en los originales. Esto, en substancia, es una alegación de que este tribunal, al examinar los hechos, no puede colocarse en la misma posición que ocupaba el tribunal sentenciador. Si tratáramos nosotros de apreciar el conflicto entre las declaraciones de los peritos, tendríamos que tener ante nosotros las firmas originales como fueron escritas para poder formar una apreciación de la verdad de los hechos. Nos es completamente imposible apreciar la veracidad de los hechos por no tener los documentos originales.

No terminaremos esta opinión sin llamar antes la atención hacia la práctica lamentable de algunos abogados de

este tribunal consistente en no presentar alegatos.   Por sencillo que sea el caso y por simple que sea la cuestión, la corte necesita y desea las manifestaciones escritas del abogado. Sucede con frecuencia que los jueces individualmente no pueden examinar un caso hasta algunas semanas después de haberse celebrado la vista, y entonces el recuerdo de lo que el abogado ha dicho verbalmente queda desvanecido, y los alegatos escritos lo traen a la memoria.   Creemos que un abogado que persiste en esta práctica no pone de sí todo lo que debe para ayudar a este tribunal.

Por razón del conflicto en la prueba y por haberse dejado de insertar en el récord toda la prueba presentada ante el tribunal sentenciador, debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.

Presentada moción de reconsideración, fué esta denegada en julio 13, 1914.